SCANNED

DEC/JCP 4210-1
274104 8/19/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICROSOFT CORPORATION,
Plaintiff

VS. C. A. No. 05-144 S

SIGNATURE P.C. LLC, a Rhode Island Corporation a/k/a SIGNATURE COMPUTERS; KHANH VO, an individual, and JOHN VO, an individual,
Defendants

**DEFENDANT, JOHN VO'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(B)(2)**

Now comes the defendant, John Vo, and hereby moves the Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(2), for an Order dismissing the Complaint in this action, as against John Vo, for lack of personal jurisdiction. In support of this motion Defendant relies upon the memorandum of law appended hereto.

Respectfully submitted,
JOHN VO,
By His Attorneys,

DENNIS E. CARLEY (#3218)
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
10 Weybosset Street, 8th Floor
Providence, RI 02903-2808
(401) 521-7000 (FAX) (401) 521-1328

**CERTIFICATION**

I hereby certify that I mailed a copy of the within this 22nd day of August, 2005, to the following:

Darlene K. Alt, Esq.
Raymond M. Ripple, Esq.
Edwards & Angell LLP
2800 Financial Plaza via hand delivery JCP
Providence, RI 02903

Mark J. Gladstone, Esq.
220 Forbes Road, Suite 301
Braintree, MA 02184

DEC/JCP 4210-1
274003 8/19/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICROSOFT CORPORATION,
Plaintiff

VS. C. A. No. 05-144 S

SIGNATURE P.C. LLC, a Rhode Island Corporation a/k/a SIGNATURE COMPUTERS; KHANH VO, an individual, and JOHN VO, an individual,
Defendants

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, JOHN VO'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(B)(2)**

**A. Table of Contents**

Pleadings . . . . . . . . . . 2

Description of Motion . . . . . . . . . . 2

Facts . . . . . . . . . . 2-3

Issues . . . . . . . . . . 3

Points and Authorities . . . . . . . . . . 4-8

Table of Authorities Cited . . . . . . . . . . 9-10

Appendix . . . . . . . . . . Tab B.

**B. Pleadings**

The Complaint in this matter asserts claims for trademark and copyright infringement against three defendants, Signature P.C. LLC, a Rhode Island Corporation, a/k/a Signature Computers and two individuals, Khanh Vo and John Vo. (Compl. at ¶ 1.) With respect to Defendant, John Vo, the Complaint asserts that he "owns, operates, or otherwise controls Signature Computers." (Compl. at ¶ 8.) It further alleges, upon information and belief, that John Vo: (1) resides and transacts substantial business in this district; (2) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged; and (3) derived direct financial benefit from the alleged wrongful conduct. *Id.*

In response, Defendants, Khanh Vo and Signature P.C., LLC, have answered the Complaint, denying that John Vo, at any time material to this suit, had any ownership or connection with Signature Computers. Furthermore, by way of Answer, Defendants Khan Vo and Signature P.C., LLC, further assert that John Vo did not reside or transact business in the district, did not participate in the running of Signature Computers in any manner. (Ans. at ¶ 8.) The answer asserts that John Vo has had no connection with the District of Rhode Island and that jurisdiction over him is improper. (Ans. at ¶ 11.)

**C. Description of Motion**

This filing comprises Defendant John Vo's motion to dismiss the Plaintiff's Complaint, pursuant to Fed. R. Civ. P. Rule 12(b)(2), asserting lack of personal jurisdiction. Defendant, John Vo, seeks an Order of this Court dismissing Plaintiff's Complaint, as against him, based upon an affidavit appended hereto as <u>Exhibit A</u>.

**D. Facts**

In June 1999, the plaintiff, ("Microsoft"), brought suit against Signature Computers, Khanh Vo and John Vo alleging, *inter alia*, copyright and trademark infringement, which suit

resulted in an Stipulated Final Consent Judgment, executed by the defendants in August 2000 and entered by the Honorable Court on October 3, 2000. The instant Complaint makes similar allegations against a new corporation, Signature P.C., LLC, alleging that the corporation is owned, operated or otherwise controlled by both Khanh Vo and Defendant, John Vo.

However, as evidenced by the *Affidavit of John Vo in Support of Motion to Dismiss*, *See* Exhibit A, John Vo does not own, operate, control or have any other relationship with Signature P.C., LLC, a Rhode Island Limited Liability Corporation organized by Defendant, Khanh Vo. John Vo further affirms that he has never personally participated in or had the right and ability to direct and control any conduct of Signature P.C., LLC, and has received no financial benefit from the company in any way. *Id.* at ¶ 2. Additionally, John Vo affirms that he had no involvement whatsoever in the organization of Defendant, Signature P.C., LLC. *Id.* at ¶ 3.

Additionally, Mr. Vo is not currently engaged in any business activity in the State of Rhode Island nor was he ever so engaged at any time relevant to the facts contained in the allegations of the complaint . *Id.* at ¶ 5. Prior to May 2004, John Vo was a resident of the Commonwealth of Massachusetts. Currently, John Vo resides in Irvine, California. *Id.* at ¶¶ 1, 6. Upon this factual basis, Defendant, John Vo, asserts herein that the Honorable Court lacks personal jurisdiction over him with respect to this suit.

**E. Issues**

1. Whether the Honorable Court has general personal jurisdiction over Defendant, John Vo.

2. Whether the Honorable Court has specific personal jurisdiction over Defendant, John Vo.

**F. Points and Authorities**

**The Honorable Court Lacks Personal Jurisdiction over Defendant, John Vo.**

It is well settled that when a defendant contests the court's personal jurisdiction over him, the plaintiff has the burden of showing that jurisdiction exists. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Dalmau Rodriguez v. Hughes Aircraft Co.,* 781 F.2d 9, 10 (1st Cir. 1986); *Brian Jackson & Company v. Eximias Pharm. Corp.,* 248 F.Supp.2d 31, 34 (D.R.I. 2003) (citing *Sawtelle v. Farrell,* 70 F.3d 1381, 1387 (1st Cir. 1995); *Donatelli v. Nat'l Hockey League,* 893 F.2d 459, 463 (1st Cir.1990)). This burden, absent an evidentiary hearing, is a threshold requirement. If the plaintiff makes a *prima facie* showing of jurisdiction supported by specific facts alleged in the pleadings, affidavits, and exhibits, its burden is met. *See Kowalski v. Doherty, Wallace, Pillsbury and Murphy,* 787 F.2d 7, 9-10 (1st Cir. 1986); *Murphy v. Erwin-Wasey, Inc.,* 460 F.2d 661, 665 (1st Cir. 1972); 2 J. Moore, J. Lucas, H. Fink & C. Thompson, Moore's Federal Practice ¶ 4.41-1 [3], 4-471-72 (2d ed. 1986); 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 12.07[2.-2], 12-55-56 (2d ed. 1985).

With respect to the requisite *prima facie* showing, the plaintiff must make the showing as to every fact required to satisfy "both the forum's long-arm statute and the due process clause of the Constitution." *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.* 894 F.2d 9, 11 (1st Cir. 1990). Further, the *prima facie* showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. *Kowalski*, 787 F.2d at 9. More particularly, "plaintiff must go beyond the pleadings and make affirmative proof." *Chlebda v. H.E. Fortna & Bro. Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979).

In determining whether a plaintiff has sustained his burden when presented with a motion to dismiss for lack of jurisdiction, a court may rely on affidavits and discovery to establish the jurisdictional facts and, in doing so, should consider such evidence in the light

most favorable to the nonmoving party. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985); *Behagen v. Amateur Basketball Association of the United States,* 744 F.2d 731, 733 (10th Cir. 1984); *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981).

Ultimately, whether a federal court has personal jurisdiction over a defendant depends upon two criteria: (1) whether the mandates of the forum state's long-arm statute have been satisfied, and (2) whether the defendant has been hailed into the particular court in accordance with the due process clause of the Fourteenth Amendment to the United States Constitution. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002). Since Rhode Island's long-arm statute[1] has been interpreted to be conterminous with the constitutional limits under the Fourteenth Amendment, *Bendick v. Picillo*, 525 A.2d 1310, 1312 (R.I. 1987), the Court need only examine the foundation for the second criterion listed above (i.e., whether asserting personal jurisdiction over John Vo is consistent with the Due Process Clause).

There are two types of personal jurisdiction, general and specific. *Daynard*, 290 F.3d at 51. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United States v. Swiss Am. Bank, Ltd.*, 274

---

[1] The Rhode Island long arm statute provides:

> Every foreign corporation, every individual not a resident of this state ··· and every partnership or association, composed of any person or persons not such residents, that shall have the necessary minimum contacts with the state of Rhode Island, shall be subject to the jurisdiction of the state of Rhode Island ··· in every case not contrary to the provisions of the constitution or laws of the United States.

R.I. Gen. Laws § 9-5-33.

F.3d 610, 618 (1st Cir. 2001). On the other hand, "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." *Id.* (*quoting Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)).

To support specific personal jurisdiction, the plaintiff must satisfy a tripartitie formula:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privileges of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the state's court's foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Brian Jackson & Company v. Exmias Pharm. Corp.*, 248 F. Supp. 2d 31, 35 (D.R.I. 2003) *quoting Sawtelle*, 70 F.3d at 1389. For the third prong, reasonableness, five factors are examined to assess the reasonableness of subjecting nonresidents to personal jurisdiction. *Id.* The five "Gestault" factors are: "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." *Id.* at 1394.

Here, based upon the facts presented, the Honorable Court lacks personal jurisdiction over Defendant, John Vo. To begin with, *general* personal jurisdiction does not exist with respect to John Vo. As evidenced by the defendant's affidavit, John Vo is not engaged in continuous and systematic activity in Rhode Island, whether related or unrelated to this suit. *See* Exhibit A, ¶ 5 ("I am not now, nor was I at any time relevant to the facts contained in the allegations in the Complaint, engaged in any business activity in the State of Rhode Island."). Thus, to support a claim that personal jurisdiction exists over this defendant, Microsoft either

must bring forth evidence to rebut Mr. Vo's assertion or must show the existence of specific personal jurisdiction.

However, an assertion that specific personal jurisdiction exists over John Vo, likewise, must fail. First, there is no demonstrable nexus between Microsoft's claims in this suit and forum-based activities by John Vo. Again, Mr. Vo's affidavit indicates that he has not engaged in forum-based activities as alleged in the Complaint. A finding that no demonstrable nexus between the claims alleged in the Complaint and the defendant's forum-based activities ends the inquiry. Nonetheless, with respect to the remaining considerations, the exercise of the Honorable Court's jurisdiction over John Vo is not foreseeable as the defendant lacks in-state contacts that would represent a purposeful availment of the privileges of conducting activities in Rhode Island.

In *Ticketmaster-New York, Inc. v. Alioto,* 26 F.3d 201, 207 (1st Cir. 1994), the Court of Appeals for the First Circuit observed that the cornerstones upon which the concept of purposeful availment rests are voluntariness and foreseeability. With respect to the first element, voluntariness, to satisfy the purposeful availment requirement, "there must be some a voluntary decision by the defendant to inject [hinself] into the local economy as a market participant." *Microfibres Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 321 (D.R.I. 1998). With respect to the second element, foreseeability, the enforcement of personal jurisdiction over a non-resident defendant is foreseeable when that defendant has established a continuing obligation between itself and the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Where a defendant has created "continuing obligations" between himself and residents of the forum, *id.*, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. *Burger King Corp.*, 471 U.S. at 475-76.

Here, John Vo has not injected himself into the local economy as a market participant. As John Vo was not engaged in any business activity in the State of Rhode Island at anytime relevant to the facts contained in the Complaint, he established no continuing obligations between himself and Rhode Island and, therefore, the exercise of jurisdiction in this suit would not be foreseeable. Based upon the foregoing, Defendant, John Vo, respectfully requests the Honorable Court to enter an Order, pursuant to Fed. R. Civ. P. 12(b)(2), dismissing Microsoft's Complaint as against Defendant, John Vo.

**G. Table of Authorities Cited**

**Cases**

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9, 10 (1st Cir. 1986). . . . . . . . . . . . . . . . 4

*Brian Jackson & Company v. Eximias Pharm. Corp.*, 248 F.Supp.2d 31, 34 (D.R.I. 2003). . .4,6

*Sawtelle v. Farrell,* 70 F.3d 1381, 1387 (1st Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4,6

*Donatelli v. Nat'l Hockey League,* 893 F.2d 459, 463 (1st Cir.1990). . . . . . . . . . . . . . . . . . . . . 4

*Kowalski v. Doherty, Wallace, Pillsbury and Murphy,* 787 F.2d 7, 9-10 (1st Cir. 1986). . . . . . 4

*Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 665 (1st Cir. 1972). . . . . . . . . . . . . . . . . . . . . . . . 4

*U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.* 894 F.2d 9, 11 (1st Cir. 1990). . . . . . . . . . . . . . . . . . . 4

*Chlebda v. H.E. Fortna & Bro. Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979). . . . . . . . . . . . . . . . . 4

*Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir. 1985). . . . . . . . . . . . . . . . 5

*Behagen v. Amateur Basketball Association of the United States,* 744 F.2d 731, 733 (10th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir. 1981). . . . . . . . . . . . . . . . . . 5

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bendick v. Picillo*, 525 A.2d 1310, 1312 (R.I. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). . . . . . . . . . . . . . . . 5-6

*Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Ticketmaster-New York, Inc. v. Alioto,* 26 F.3d 201, 207 (1st Cir. 1994). . . . . . . . . . . . . . . . . . .7

*Microfibres Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 321 (D.R.I. 1998). . . . . . . . . . . . . . . .7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Statutes**

R.I. Gen. Laws § 9-5-33. . . . . 5

**Treatises**

Moore's Federal Practice ¶ 4.41-1 [3], 4-471-72 (2d ed. 1986). . . . . 4

Moore's Federal Practice ¶ 12.07[2.-2], 12-55-56 (2d ed. 1985). . . . . 4

Respectfully submitted,
DEFENDANT,
John Vo
By His Attorneys,

DENNIS E. CARLEY (#3218)
ROBERTS, CARROLL, FELDSTEIN & PEIRCE
10 Weybosset Street, 8th Floor
Providence, RI 02903-2808
(401) 521-7000 (FAX) (401) 521-1328

**CERTIFICATION**

I hereby certify that I mailed a copy of the within this 23rd day of August, 2005, to the following:

Darlene K. Alt, Esq.
Raymond M. Ripple, Esq.
Edwards & Angell LLP
2800 Financial Plaza
Providence, RI 02903 – via Hand Delivery

Mark J. Gladstone, Esq.
220 Forbes Road, Suite 301
Braintree, MA 02184

FILED
2005 AUG 23 A 11:41