UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICROSOFT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>SIGNATURE P.C. LLC, a Rhode Island corporation a/k/a SIGNATURE COMPUTERS; KHANH VO, an individual, and JOHN VO, an individual<br><br>Defendants. | ) | Civil Action No. 05-144T |

**MICROSOFT CORPORATION'S MOTION TO STAY DECISION ON DEFENDANT JOHN VO'S MOTION TO DISMISS**

Plaintiff Microsoft Corporation ("Microsoft") hereby respectfully requests that this Honorable Court stay its decision on Defendant John Vo's ("Defendant") motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(2), to allow Microsoft to conduct limited discovery on John Vo's contacts with the State of Rhode Island. Microsoft submits the accompanying memorandum of law in support of its motion.

MICROSOFT CORPORATION

By its Attorneys,

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September, 2005, a true and accurate copy of the within Motion to Stay was served via hand-delivery on:

Dennis E. Carley
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street, 8th Floor
Providence, RI 02903-2808

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
SEP 20 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICROSOFT CORPORATION )
Plaintiff, )
v. )
SIGNATURE P.C. LLC, a Rhode Island corporation a/k/a SIGNATURE COMPUTERS; KHANH VO, an individual, and JOHN VO, an individual )
Defendants. )

Civil Action No. 05-144T

**MEMORANDUM OF LAW IN SUPPORT OF MICROSOFT CORPORATION'S OBJECTION TO DEFENDANT JOHN VO'S MOTION TO DISMISS AND ITS MOTION TO STAY DECISION ON THE RULE 12(B)(2) MOTION**

## A. TABLE OF CONTENTS


PLEADINGS ........ 1

DESCRIPTION OF OBJECTION AND RELATED MOTION ........ 2

FACTS ........ 2

ISSUES ........ 5

POINTS AND AUTHORITIES ........ 5

TABLE OF AUTHORITIES CITED ........ 8


## B. PLEADINGS

On April 7, 2005, Microsoft Corporation ("Microsoft") filed this Complaint against John Vo, Khahn Vo and Signature P.C., LLC, a Rhode Island corporation also known as Signature Computers, asserting claims for, among other things, trademark and copyright infringement. (Complaint at ¶¶ 28-47.) In its Complaint, Microsoft alleges, upon

information and belief, that John Vo: (i) "owns, operates or otherwise controls Signature Computers"; (ii) "resides and transacts substantial business in this district"; (iii) "personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in th[e] Complaint"; and (iv) "derived direct financial benefit from that wrongful conduct." (Id. at ¶ 8.)

On August 16, 2005, Defendants Khahn Vo and Signature P.C., LLC answered the Complaint, denying the material allegations against them and the allegations set forth in Paragraph 8 of the Complaint relating to John Vo's contacts with the State of Rhode Island. (Answer at ¶ 8.)

## C. DESCRIPTION OF OBJECTION AND RELATED MOTION

Microsoft submits this memorandum of law in support of its objection to John Vo's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) and its accompanying motion to stay. As set forth below, because Microsoft has presented a colorable case that personal jurisdiction exists over John Vo, Microsoft respectfully requests that this Court deny the motion to dismiss or, in the alternative, stay its decision on that motion to allow Microsoft to take limited jurisdictional discovery on the issue of John Vo's relevant contacts with the State of Rhode Island.

## D. FACTS

### 1. Defendants' Infringing Conduct

This is the second time Microsoft has sued John Vo in this Court to recover damages arising from his infringement of Microsoft's copyrights and trademarks in its software. On June 25, 1999, Microsoft filed its first complaint against John Vo as well as Khanh Vo and Signature Computers also known as Signature Computers, Inc., a business of unknown classification, doing business at 1177 Jefferson Blvd., Warwick, Rhode Island, asserting

claims for, among other things, copyright infringement, trademark infringement and unfair competition. (See Complaint filed in the case captioned, Microsoft Corporation v. Signature Computer et al., Case No. CA 99 309 T (D.R.I. 1999)). In August 2000, all of the defendants, including John Vo, stipulated to a Final Consent Judgment, which was entered by this Court on October 3, 2000. (See October 3, 2000 Final Consent Judgment entered in Microsoft Corporation v. Signature Computer et al., Case. No. CA 99 309 T (D.R.I. 1999)). The Final Consent Judgment prohibits defendants from, among other things, infringing Microsoft's trademarks and copyrights, and states that the Rhode Island District Court "shall retain jurisdiction to enforce the Settlement Agreement and Release and this Final Consent Judgment … and to determine whether any Defendant has breached or violated any term or terms of the Settlement Agreement and Release or this Final Consent Judgment." (Id. at ¶ 5.)

Microsoft became aware that the defendants were again infringing Microsoft's copyrights and trademarks at the exact same Warwick, Rhode Island address by distributing infringing copies of Microsoft software. Specifically, in January 2003, June 2003, and December 2004, defendants distributed infringing Microsoft software to investigators. (See Complaint at ¶¶ 20-22.) Accordingly, Microsoft brought the instant Complaint against Defendants Khanh Vo and John Vo, and against Signature P.C. L.L.C., also known as Signature Computers.

**2. John Vo's Involvement**

John Vo has never claimed that he was not involved with Signature Computers. He voluntarily stipulated to the Final Consent Judgment in August 2000. (See October 3, 2000 Final Consent Judgment entered in Case. No. CA 99 309 T.) While John Vo now claims that he is no longer involved with Signature Computers or otherwise in the marketing or

distribution of Microsoft software, several facts raise serious questions about John Vo's conduct:

- The connection between the Signature Computers named as a defendant in the original complaint and Signature Computer P.C. LLC has not been satisfactorily explained. Both do business at the identical address. The Dunn & Bradstreet Business Information Report on Signature Computer simply states that "Business started in 1989 by others. Present control succeeded Jan 1994. Purchase price undetermined." (See Exhibit 1 attached hereto, which is a true and correct copy of pages 1 and 3 of the Dunn & Bradstreet Business Information Report on Signature Computer as of March 25, 2005.) The Articles of Incorporation attached to John Vo's affidavit do not indicate on what date Signature P.C. LLC was incorporated.

- After the Complaint was filed, Defendants provided Microsoft with invoices relating to purchases of software by Signature Computers. Some of the invoices from 2004 and 2005 reference "JK Computers DBA Signature Computers" in Warwick, Rhode Island. (See, e.g., Exhibit 2 attached hereto, which is a true and correct copy of an invoice from Signature Computers.) A search of available information indicates that John Vo[1] is the president of JK Inc. (See Exhibit 3 attached hereto, page 1 of which is a true and correct copy of the UCC Financing Statement filed with the Rhode Island Secretary of State as No. 658690 on November 6, 1996, naming JK Inc., DBA Signature Computers, 155 Jefferson Blvd., Warwick, RI 02886, as debtor.)[2]

- Mr. Vo's declaration is careful not to address his activities from August 2000 to present, only claiming that he has not participated in the new Signature Computers entity (the date of formation of which is unclear), and that he is not *currently* engaged in the advertising, marketing, installation or distribution of computer software. (See Affidavit of John Vo at ¶¶ 2-4; emphasis added.) However, John Vo's activities after August 311 2000, the date he executed the Final Consent Judgment, and prior to the formation of Signature P.C. LLC are relevant to Microsoft's Complaint, as is his involvement with JK Computers.

Because the facts suggest that John Vo may have been or may still be involved with Signature Computers in some capacity, Microsoft respectfully requests that this Court deny Defendant's motion to dismiss for lack of personal jurisdiction or, at a minimum, stay decision on the dispositive motion to allow Microsoft to take limited discovery on the issue

[1] As indicated in the Affidavit of John Vo ("Vo Aff.") submitted in support of his motion, John Vo and Hung Vo are the same person. (See Vo Aff. At ¶ 1.)

[2] Page 2 of this exhibit is a true and correct copy of the UCC Financing Statement Amendment (Continuation) filed with the Rhode Island Secretary of State as No. 001720 on August 25, 2001, which continues the effectiveness of the original UCC Financing Statement No. 658690 until November 6, 2006.

of Mr. John Vo's involvement with Signature Computers and his contacts with the State of Rhode Island.

**E. ISSUES**

1. Whether this Court has general personal jurisdiction over Defendant John Vo, and whether it should deny or stay Defendant's motion to dismiss pending limited discovery regarding the same.

2. Whether this Court has specific personal jurisdiction over Defendant John Vo, and whether it should deny or stay Defendant's motion to dismiss pending limited discovery regarding the same.

**F. POINTS AND AUTHORITIES**

**1. Microsoft is Entitled to Discovery on the Issue of Personal Jurisdiction**

"We have held consistently to the rule that a plaintiff may take jurisdiction discovery if its claim is 'colorable.'" United States v. Swiss American Bank, Ltd., 274 F.3d 610, 637 (1st Cir. 2001). See also Sunview Condominium Assoc. v. Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997) ("[A] diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of *in personam* jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense").

As outlined above, Microsoft has presented a colorable claim of jurisdiction over John Vo. Mr. Vo has a history of involvement with Signature Computers in Warwick, Rhode Island and voluntarily agreed to and entered into a Final Consent Judgment in a prior action against Signature Computers and, in doing so, agreed that that this Court would retain jurisdiction over matters arising out of the defendants' infringement in violation of the Final Consent Judgment. That alone should be sufficient to establish this Court's jurisdiction over John Vo as the Complaint in this action references the Final Consent Judgment and simply alleges additional infringement by the defendants. (See Complaint at ¶¶ 2 and 19.) In

addition, invoices produced by defendants also show that as recently as June 23, 2004, JK Computers - - a company that John Vo is apparently the president of - - was doing business as Signature Computers in this State. (See Exhibits 2 and 3.) The information revealed to date has not conclusively established that John Vo is no longer involved with Signature Computers or that he did not participate in any infringing activity after August 31, 2000, the date he voluntarily executed the Final Consent Judgment in the initial action. Accordingly, Microsoft believes that John Vo has the necessary minimum contacts with Rhode Island to allow this Court to assert jurisdiction over him.

In addition, Microsoft has diligently attempted to discover the nature of John Vo's relationship with Signature Computers and his business activities in Rhode Island. Microsoft has engaged in several discussions with counsel for John Vo on this matter and requested documents substantiating John Vo's claim that he is not involved with Signature Computers *and has not been since August 2000.* Microsoft has also reviewed publicly-available information about Signature Computers that suggests John Vo may have been involved in that entity during the relevant time period at issue in the Complaint. (See Exhibit 1 identifying John Vo as manager/partner of Signature Computer with a branch office in Warwick, RI. ) As a result, Microsoft has not been able to dismiss John Vo as a defendant in this matter. Microsoft has no conclusive information indicating that John Vo was not a participant in the post-Final Consent Judgment infringing activity, or that he has no current involvement with Signature Computers. Thus, Microsoft has presented a colorable case that personal jurisdiction exists over John Vo and should be entitled to jurisdictional discovery. Surpitski v. Hughes-Kennan Corp., 362 F.2d 254, 255 (1st Cir. 1966) ("A plaintiff who is a total stranger to a corporation should not be required, unless he has been undiligent, to try such an issue on affidavits without the benefit of full discovery").

**2. Microsoft Requests Limited Discovery Specific to Whether Mr. John Vo Has Sufficient Contacts with Rhode Island**

Microsoft requests that it be allowed to take John Vo's deposition on issues relevant to whether this Court has personal jurisdiction over him. Microsoft intends to depose JohnVo on matters relevant to his contacts with Rhode Island after the date of the Final Consent Judgment, including his business activities from August 2000 to the present in Rhode Island, his involvement with Signature Computers from August 2000 to the present, and the nature of those activities, including the extent to which they were voluntary and foreseeable.

As explained above, Microsoft has attempted to resolve this matter through informal discovery with Defendants. However, the information and documents received from Defendants have raised more questions than they have answered, such as the uncertainty of John Vo's occupation in California and his activities from August 2000 to the present. Accordingly, Microsoft does not believe that interrogatories and document requests will be effective in uncovering the full nature of John Vo's contacts with Rhode Island, and requests that Mr. Vo appear for deposition. See Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 680-81 (1st Cir. 1992) (noting that in order to satisfy their burden to establish a prima facie case of personal jurisdiction, plaintiff could have deposed defendant or propounded interrogatories or requests for admission). Microsoft is willing schedule the deposition at a time and location convenient to Mr. Vo in California.

For the reasons set forth above, Microsoft respectfully requests that Defendant John Vo's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) be denied, or, in the alternative stayed, and that Microsoft be allowed to conduct jurisdictional discovery.

## G. TABLE OF AUTHORITIES CITED

**CASES**

Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 680-81 (1st Cir. 1992)....................................7

Sunview Condominium Assoc. v. Flexel Int'l, Ltd., 116 F.3d 962, 964 (1st Cir. 1997)...........5

Surpitski v. Hughes-Kennan Corp., 362 F.2d 254, 255 (1st Cir. 1966)....................................6

United States v. Swiss American Bank, Ltd., 274 F.3d 610, 637 (1st Cir. 2001).....................5

**RULES**

Fed. R. Civ. P. 12(b)(2)..........................................................................................2, 7

MICROSOFT CORPORATION
By its Attorneys,

Darlene K. Alt

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of September, 2005, a true and accurate copy of the within Motion to Stay was served via hand-delivery on:

Dennis E. Carley
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street, 8th Floor
Providence, RI 02903-2808

Darlene Karr