UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICROSOFT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>SIGNATURE P.C. LLC, a Rhode Island corporation a/k/a SIGNATURE COMPUTERS; KHANH VO, an individual, and JOHN VO, an individual<br><br>Defendants. | ) | C. A. No. 05-144T |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MICROSOFT CORPORATION'S OBJECTION TO DEFENDANT JOHN VO'S MOTION TO DISMISS**

## I. Introduction

On or about August 23, 2005, Defendant John Vo filed a motion to dismiss the complaint based upon lack of personal jurisdiction. On October 6, 2005, this Court granted Microsoft Corporation's ("Microsoft") motion to stay Defendant John Vo's motion to dismiss in order to take limited discovery on the issue of Mr. Vo's relevant contacts with Rhode Island. Microsoft has since taken Mr. Vo's deposition and now submits this supplemental memorandum in support of its objection to Mr. Vo's motion to dismiss.

## II. Factual Background

### A. Defendants' Infringing Conduct

In June of 1999, Microsoft brought suit against Signature Computers a/k/a Signature Computers, Inc., a business of unknown classification, doing business at 1177 Jefferson Blvd., Warwick, Rhode Island, Khanh Vo, and John Vo, for infringement of Microsoft's copyrights and trademarks and other related claims. In August 2000, all of the defendants, including John Vo, stipulated to a Final Consent Judgment, which was entered by this Court on October 3, 2000.

See Final Consent Judgment, a copy of which is attached hereto as Ex. A. The Final Consent Judgment prohibited defendants from, among other things, infringing Microsoft's trademarks and copyrights, and stated that the Rhode Island District Court would retain jurisdiction over the Final Consent Judgment. Id.

Microsoft became aware that the defendants were again infringing Microsoft's copyrights and trademarks at the exact same Warwick, Rhode Island address by distributing infringing copies of Microsoft software. Specifically, in January 2003, June 2003, and December 2004, defendants distributed to investigators infringing Microsoft software. (See Complaint at ¶¶ 20-22.) Accordingly, on April 7, 2005, Microsoft brought the instant Complaint against Defendants Khanh Vo and John Vo, and against Signature P.C. L.L.C., also known as Signature Computers.

**B. John Vo's Involvement**

John Vo has moved to dismiss for lack of personal jurisdiction, claiming that he is not *currently* engaged in the advertising, marketing, installation or distribution of computer software. See Affidavit of John Vo ("Vo Aff.") at ¶¶ 2-4, which was attached as Ex. A in support of Vo's motion to dismiss. However, Mr. John Vo's activities after the date of the Final Consent Judgment are relevant to Microsoft's Complaint, not just his current activities. In his deposition, Mr. John Vo testified that he remained employed by Signature Computers until it closed in late 2003, and that until 2003 he was the purchasing manager for Signature Computers. As such, he was responsible for purchasing computer hardware and software - and would have been responsible for such purchases in January and June 2003, two of the dates that defendants distributed infringing software. Specifically, Mr. Vo testified:



PRV_781567_1/DALT

- He lived in Massachusetts from 1979 until July 2004, when he moved to California. See Ex. B, excerpts from the Deposition of John Vo at 9:10-11:4.
- From 1996 until approximately June of 2003, he worked for Signature Computers. Id. at 12:1-14.
- Signature Computers had a business location in both Massachusetts and Rhode Island. Id. at 15:1-10.
- During his entire employment with Signature Computers, Mr. John Vo was the purchasing manager. Mr. John Vo was the purchasing manager for both the Massachusetts and Rhode Island locations. Id. at 6:11-13. Mr. Vo sometimes also acted as a sales agent. Id. at 6:8-14.
- As purchasing manager, Mr. John Vo purchased software, including Microsoft software, and hardware from various vendors. Id. at 29:24-30:7; 32:12-13. Whatever software or hardware the Massachusetts outlet needed, Mr. John Vo ordered in Rhode Island; the software and hardware were then picked up in Massachusetts and brought to Rhode Island. Id. at 30:21-31:20. There was no purchasing manager at the Rhode Island location. Id. at 31:21-25. Mr. John Vo received a regular salary for this position. Id. at 24:21-25:3.

As this testimony shows, Defendant John Vo's contacts with Rhode Island directly relate to this litigation, his contacts with Rhode Island were purposeful, and it is reasonable for him to be subject to jurisdiction in this Court. Accordingly, Defendant John Vo's motion to dismiss should be denied.

## III. Argument

### A. Standard for Establishing Personal Jurisdiction

As pointed out by Defendant John Vo, Microsoft must only make a prima facie showing of personal jurisdiction over Mr. John Vo by alleging specific facts in support of jurisdiction. Brian Jackson & Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 34 (D.R.I. 2003). "The Court accepts the plaintiff's properly documented evidentiary proffers as true for purposes of determining the adequacy of the prima facie showing." Id.

Microsoft does not allege that this Court has general jurisdiction over Mr. Vo. Rather, this Court has specific jurisdiction over Mr. Vo. Specific personal jurisdiction exists where the litigation arises out of, or relates to defendant's forum-state activities; defendant's in-state contacts represent a purposeful availment of the privileges of conducting activities in the forum state; and the exercise of jurisdiction is reasonable. Brian Jackson & Co., 248 F. Supp. 2d at 35.

**B. This Litigation Arises Directly From Defendant John Vo's Contacts with Rhode Island**

"The relatedness requirement focuses on the nexus between the defendant's contacts and the plaintiff's cause of action." Brian Jackson & Co., 248 F. Supp. 2d at 35. Microsoft's Complaint alleges copyright and trademark infringement arising out of the distribution of counterfeit Microsoft software. Defendant John Vo testified that he acted as the purchasing agent for the two retail outlets of Signature Computers - one located in Massachusetts and one located in Rhode Island. As the purchasing agent for Signature Computers, he was responsible for purchasing all hardware and software, including Microsoft software. Software needed for the Rhode Island outlet was ordered by Mr. John Vo and transported to Rhode Island for sale to Rhode Island consumers. Accordingly, this element is satisfied because Microsoft's claims directly arise out of, or relate to, Defendant John Vo's forum-state activities. Id. (holding that element was satisfied where parties contemplated that plaintiff would work and perform contractual duties in Rhode Island).

**C. Defendant John Vo Purposefully Availed Himself of the Privilege of Conducting Activities in Rhode Island**

By acting as the purchasing manager for the Rhode Island outlet of Signature Computers, Defendant John Vo purposefully availed himself of the privilege of conducting business in Rhode Island, thereby invoking the benefits and burdens of doing business in the state and

making the exercise of jurisdiction over him foreseeable. Brian Jackson & Co., 248 F. Supp. 2d at 35.

"The requirement of 'purposeful availment' necessitates a voluntary decision by the defendant to inject itself into the local economy as a market participant." Brian Jackson & Co., 248 F. Supp. at 35. Here, by placing orders for the Rhode Island retail site and facilitating the transportation of product to Rhode Island for ultimate purchase by Rhode Island residents, Mr. John Vo made such a decision. See Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 683 (1st Cir. 1992) (evidence that defendant "advertised in Maine, established channels for providing regular advice for customers in Maine, or marketed the product through a distributor who had agreed to serve as a sales agent in Maine" likely sufficient to satisfy purposeful availment prong). Additionally, in tort cases, like this one, conduct targeted at residents of the forum constitutes purposeful availment of the benefits and protections of the forum state. Levin v. Harned, 292 F. Supp. 2d 220, 227 (D. Mass. 2003) ("Numerous courts have upheld a court's exercise of personal jurisdiction over non-resident defendants with no direct contact with the forum when the intentional tort was individually targeted at the resident of the forum state, and the brunt of the harm was felt there.").

Moreover, Defendant does not need to be physically present in the forum in order to invoke the forum's privileges and benefits. Brian Jackson & Co., 248 F. Supp. at 36 (holding that element was satisfied where defendant corresponded with plaintiff in Rhode Island by email, fax, and telephone). This Court has recognized that technology makes it increasingly common for parties to work at remote or off-site locations, as Defendant John Vo did by ordering the product for Rhode Island from Massachusetts. Id.

**D. The Exercise of Jurisdiction over Defendant John Vo is Reasonable**

Courts consider five factors when determining if the exercise of jurisdiction is reasonable: "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." Brian Jackson & Co., 248 F. Supp. 2d at 37.

The exercise of personal jurisdiction over Mr. John Vo in a case that arises out of the distribution of counterfeit software within Rhode Island - software that Mr. John Vo purchased - is eminently reasonable. While Mr. John Vo's burden of appearing is slight (notably, his deposition was taken in California with his attorney appearing by phone), Rhode Island's interest in resolving this dispute and the convenience of litigation in Rhode Island far outweigh this burden. Rhode Island has an interest in resolving a dispute that arises from the distribution of counterfeit software within its borders. The most convenient and effective relief for Microsoft will be in Rhode Island, as will the most effective resolution of the matter, as all defendants can be joined in one action in Rhode Island. In addition, presumably, the majority of documents are located with Signature Computers in Rhode Island, as are other defendants and witnesses in this matter. The interests of all sovereigns point to Rhode Island as the most reasonable forum to litigate this matter against Defendant John Vo.

## IV. Conclusion

For the reasons set forth above, Microsoft respectfully requests that Defendant John Vo's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) be denied.

MICROSOFT CORPORATION

By its Attorneys,

Darlene K. Alt (#6345)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

Katherine M. Dugale (admitted *pro hac vice*)
Perkins Coie LLP
1620 26th Street
Sixth Floor, South Tower
Santa Monica, CA 90404-4013
(310) 788-3200
(310) 843-1269 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of January 2006, a true and accurate copy of the within Supplemental Memorandum in Support of Opposition to Motion to Dismiss was served via United States Mail to:

Dennis E. Carley, Esq.
Roberts, Carroll, Feldstein & Peirce
10 Weybosset Street, 8th Floor
Providence, RI 02903-2808

Mark J. Gladstone, Esq.
220 Forbes Road, Suite 301
Braintree, MA 02184





PRV_781567_1/DALT